# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# MEDFORD DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**DANIEL STEWART GREGG,**

    Defendant.

No. 1:18-cr-00336-AA

**OPINION & ORDER**

AIKEN, District Judge.

The matter comes before me on Defendant Daniel Stewart Gregg's Motion to Withdraw Guilty Plea, ECF No. 41, and Supplemental Motion to Withdraw Guilty Plea, ECF No. 45. Defendant also seeks continued release pending resolution of a habeas petition. The motions are DENIED.

## BACKGROUND

On July 3, 2018, Gregg was charged by information with Conspiracy to Distribute a Controlled Substance for his role in a multi-state marijuana trafficking operation. ECF No. 1. Gregg waived indictment and, on January 7, 2019, entered into a plea agreement with the Government under which Gregg agreed to plead guilty to a superseding information. ECF Nos. 17, 20, 21, 22. In exchange, the parties would jointly recommend a sentence of 46 months followed by two years of supervised release, which was the low end of the Guidelines range. Both Gregg and his attorney, Brian Butler, signed the plea agreement. ECF No. 20.

Pursuant to the plea agreement and following an advice of rights, Gregg pleaded guilty to the single count of the superseding indictment before Magistrate Judge Clarke on January 7, 2019.

Page 1 – OPINION & ORDER

ECF No. 18. Judge Clarke accepted Gregg's guilty plea, finding that it was knowing and voluntary. *Id.* A presentence report was prepared and the matter was referred to me for sentencing.

On May 23, 2019, Gregg appeared before me for the sentencing hearing. I heard argument from the parties and listened to statements of support from Gregg's friends and family. After full consideration of the record and the appropriate sentencing factors, I decided to adhere to the parties' plea agreement and imposed a sentence of 46 months followed by two years of supervised release. At Gregg's request, I allowed him ninety days to self-surrender to the Bureau of Prisons. ECF Nos. 30, 31, 32, 37.

After sentencing, Gregg advised Butler that he wished to withdraw his guilty plea and proceed to trial. Butler withdrew as Gregg's counsel and Terry Kolkey was appointed to represent Gregg. ECF Nos. 33, 34, 35. On January 10, 2020, James Halley replaced Kolkey as Gregg's counsel. ECF No. 47. At the request of Gregg's counsel, I have extended the self-surrender date several times. ECF Nos. 36, 44, 46, 52. Gregg set to self-surrender on February 21, 2020. ECF No. 52.

## DISCUSSION

### A. Motion to Withdraw Guilty Plea

Gregg seeks to withdraw his guilty plea and proceed to trial on the charges against him. ECF Nos. 41, 45. Gregg claims that he was under "extreme duress" at the time of his guilty plea and was "intimidated" by the prospect of a substantial mandatory minimum sentence if he did not accept the Government's offer. Gregg also asserts that he is a "sovereign individual" and not subject to the laws of the United States.

Federal Rule of Criminal Procedure 11 directly forecloses the withdrawal of guilty pleas after sentence is imposed: "After the court imposes sentence, the defendant *may not withdraw a*

*plea of guilty or nolo contendere*, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e) (emphasis added). "We do not permit withdrawal of a guilty plea after sentencing unless a 'manifest injustice' would result." *United States v. King*, 257 F.3d 1013, 1024 (9th Cir. 2001) (internal quotation marks and citations omitted). The Ninth Circuit has expressly held that a defendant's "unhappiness" with his sentence does not constitute a manifest injustice. *Id.*

I have reviewed Gregg's submissions and the record in this case. Gregg was faced with serious drug trafficking charges, which might have resulted in a sentence far greater than 46 months. The plea agreement reflects both the negotiating skill of Gregg's counsel and a considerable act of leniency on the part of the Government. Gregg's obvious unhappiness with the sentence is not a valid basis for allowing him to withdraw his guilty plea. Gregg's claim to be a "sovereign individual" immune to the operation of the laws is entirely frivolous. Gregg's arguments concerning the fairness of federal drug laws are beyond the scope of the district court's power and are more properly directed to the political branches of the federal government. Gregg's motions are therefore DENIED.

### B. Motion for Release

Gregg has indicated that he intends to file a habeas petition under 28 U.S.C. § 2255 and seeks to defer his sentence until his as-yet-unfiled motion has been resolved.[1]

The parties agree that the Bail Reform Act does not apply to federal prisoners seeking post-conviction relief. *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1984). While there is no

---

[1] Gregg's most recent filing, ECF No. 53, suggests that Gregg's motions to withdraw his guilty pleas (which were presented by Gregg and not by counsel) should be treated as § 2255 motions, but Gregg's counsel concedes that he cannot make a showing of probable success on the merits because he has not had time to fully review the case file. The Court therefore declines to construe Gregg's motions to withdraw his guilty pleas as § 2255 motions. The denial of those motions will not interfere with any future § 2255 motion filed by Gregg with the assistance of counsel.

controlling Ninth Circuit decision on point, district courts within the Ninth Circuit have held that courts have the inherent power to release habeas petitioners pending resolution of § 2255 motions. *United States v. Lee*, Crim No. 12-00133 JMS (02), 2016 WL 1039046, at *2 (D. Hawaii Mar. 15, 2016); *United States v. McShane*, Crim No. 08-00736 HG-01, 2016 WL 3566193, at *3 (D. Hawaii June 27, 2016). Such power should be used "very sparingly." *McShane*, 2016 WL 3566193, at *3; *Lee*, 2016 WL 1039046, at *2.

"Courts have considered two primary factors in evaluating a request for bail in a habeas corpus proceeding: (1) a high probability of success on the merits of habeas motion, and; (2) exceptional or extraordinary circumstances to support release on bail." *McShane*, 2016 WL 3566193, at *3 (citing *Mett*, 41 F.3d at 1282; *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992)). In *McShane*, the court concluded that the test should be applied in the conjunctive and that "[b]oth a high probability of success on the merits of the habeas motion, and exceptional or extraordinary circumstances, should be present to warrant release on bail." *Id.* at *4. "Extraordinary circumstances alone would not be sufficient." *Id.*

In this case, it is not necessary to resolve whether the test should be taken as conjunctive or disjunctive because Gregg cannot satisfy either element. Gregg has not yet filed his § 2255 motion and so the probability of success on the merits cannot be assessed. With respect to circumstances, Gregg points to the recent appointment of Halley as counsel and the difficulty of communicating with an incarcerated client, but such obstacles are routine in habeas cases and cannot be considered "exceptional" or "extraordinary." Gregg also argues that "the period of time for resolution of Mr. Gregg's 2255 appears as though it will be relatively short," but in the absence of a motion, that argument is purely speculative.

Finally, Gregg points out that he "is not in robust health." In *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1989), the Ninth Circuit held that "a serious deterioration of health while incarcerated, and unusual delay in the appeal process," are among the special circumstances that might justify bail pending a habeas appeal. *Id.* at 317. In this case, Gregg is not presently incarcerated and there is no indication of a serious deterioration of his health. Gregg's medical condition, although undoubtedly serious, has persisted throughout the pendency of the case and during the commission of the offense of conviction.

For the reasons discussed above, I conclude that district courts have the inherent power to release habeas petitioners pending resolution of their petitions in certain rare and exceptional cases. In this case, however, Gregg has not made a showing of probable success on the merits or of extraordinary circumstances justifying continued release.

## CONCLUSION

For the reasons set forth above, Defendant's Motions to Withdraw Guilty Plea, ECF Nos. 41, 45, are DENIED. Defendant has not made a sufficient showing to justify continued release pending the filing and resolution of Defendant's habeas petition. Defendant's current self-surrender date is set for February 21, 2020 and the Court will not consider any further motions for extension of that date.

It is so ORDERED and DATED this 19th day of February, 2020.

_____
ANN AIKEN
United States District Judge